Hubbard, J.
The ground of this application for a mandamus to the judge of probate is, that he refused to adjudicate upon a matter within his jurisdiction and properly brought before him ; and the prayer of the petition is, that he may be required to act in the premises, and grant the relief to which the petitioner is entitled.
The granting of this writ is within the discretion of the court, and it will not be issued unless it clearly appear that the same is necessary to do justice to the party who complains of the injury he has sustained by the omission to grant his original petition.
It is objected to the present application, that it is not sworn to; that it does not appear that the facts set forth in the original petition are now true, however it might have been at the time of the original application; that the prayer is wrong in asking that the judge may be required to issue his warrant, instead of requiring him to adjudicate upon the matter: and there is also an objection to the original petition, that there was not then a subsisting attachment within the meaning of St. 1838, c. 163, <§> 19. But in the conclusion we have arrived at in regard to this application, it is not necessary to consider these objections.
Upon the presenting of an original petition, under the 19th section of the statute, it is the duty of the judge to hear the evidence offered by the petitioner in support of the facts stated in his petition, and to adjudicate upon them; and if they appear to him to be true, and to bring the petitioner within the provisions of the act, then to grant the application ; and if not satisfied of the truth of the same, to dismiss the petition.
In the matter before us, it is objected by the petitioner, that here is no adjudication upon the premises, and that whatever the decision of the judge may be, he is required to decide, and *521 consequently, that the present application should be granted to procure such adjudication.
Upon a careful examination oí the return, we are ot opinion, although we think the same is defectively expressed, that the judge did adjudicate upon the matter of the petition, and did decide that it did not appear to his satisfaction that there was due from the said Abraham G. Randall the sum of $100, and did thereupon dismiss the petition. The judgment rendered was in the following language, as appears by the return “ Upon the eso parte examination of the petitioner, and upon, the facts therein disclosed, it did not satisfactorily appear to this respondent, that there was (nor that there was not) a balance of $100, due from the said Abraham G. to the petitioner.”
We are of opinion that the words “ nor that there was not ” are mere surplusage, and that the judgment .actually passed upon the subject of the application was, that it did not appear to his satisfaction that the sum of $ 100 was due to the petitioner. The petition was, therefore, rightfully dismissed. And although all the reasons, which influénced the mind of the judge, may not appear satisfactory to us, or to furnish in themselves grounds for the conclusion that such a debt was not due to the petitioner, yet because some of the reasons upon which a judgment is founded may be defective, still if there are other reasons assigned for the decision, which is peculiarly within the province of the magistrate to pronounce on an esc parte hearing, we cannot lightly disturb such judgment. And it not appearing to him, upon the evidence presented to him — which is not set out 'n detail in the proceedings — that a debt of $ 100 was due to the petitioner, is a satisfactory reason and ground for his judgment. It seems to us, that upon such a judgment being pronounced, the party, perceiving doubts in the mind of the judge as to the facts, might apply for a further hearing, to give him an opportunity, by the introduction of additional facts, to remove his doubts as to the evidence of the debt. But in this case, no such application was made ; and the judgment therefore remains good.
It has also been said, that the judge should have made a *522 record of his proceedings ; but we see no provision for it in the statute, in cases where the petition is not sustained. His duty is performed by filing the petition, and it is only when the application is granted, and further proceedings are had, and a clerk is appointed, that a record becomes necessary.
The granting of this petition being within the discretion of the court, and there having been an adjudication upon the original petition, we do not sustain the application. And if we had serious doubts whether there was a proper adjudication in this case, still, as it further appears, by the return before us, that the parties now have a suit or suits pending, in which their differences may be tried and determined, and as it does not appear that any other person has made application for this process against the respondent, Randall, we do not think the ends of justice will be promoted by granting the writ prayed for in this instance.

Petition dismissed.